UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GLENN FEDERMAN,
                Plaintiff,

PLAINTIFF MOTION REQUEST TO RECONSIDER TEXT ORDER DATED 02/02/2024 WHICH USED AN ERRONEOUS DOCKET ENTRY OF A NONEXISTENT /FICTITIOUS CERTIFICATE O SERVICE TO DENY PLAINTIFF LETTER MOTION REQUEST FOR COURT TO STRIKE OR DISMISS DEFENDANTS DEFICIENT REPLY SUA SPONTE AND 5:23-cv-1148(AMD-TWD)
Federman v.Wasilewski et al, Index No 2021-2391

                -against-

TOWN OF LORRAINE;

  Highway Superintendent Joseph Wasilewski
  Town Attorney David Geurtsen Esq

SOUTH JEFFERSON CENTRAL SCHOOL DISTRICT

  Board of Education, School Superintendent Scott Slater,
  Transportation Administrator Ms. Rebecca Dalrymple
  Eric J. Soules 17495 Miller Rd Adams, NY 13605
  Steven J. Overton 17621 Miller Rd Adams, NY 13605
  Steven Eastman 7979 US Route 11 Adams, NY 13605
                Defendants.

_____

Case No. 5:23-cv-1148-AMN-TWD
Case Name: Federman v. Wasilewski et al

RE: 02/02/2024 TEXT ORDER: On January 17, 2024, Plaintiff filed a Letter Request seeking permission to file a Sur-Reply in further opposition to Defendants' motions to dismiss in this matter. Dkt. No. 45 . The request to file a Sur-Reply is DENIED. The motions to dismiss are deemed fully briefed and a decision will be issued in due course. On January 30, 2024, Plaintiff filed a 50 Letter Request seeking an order striking Defendant's Reply, Dkt. No. 48 , for failure to comply with the Court's Text Notice of Filing Deficiency issued on January 23, 2024. Upon review of the docket, the Court notes that the deficiency notice was issued to Defendant for failure to provide proof of service and that Defendant complied with such notice and filed proper proof of service on January 23, 2024. In light of Defendant's timely compliance, Plaintiff's request to strike Defendant's Reply is DENIED. SO ORDERED by U.S. District Judge Anne M. Nardacci on 2/2/2024. (Copy mailed to pro se plaintiff). (mab) (Entered: 02/02/2024)

1

Dear Honorable Judge Nardacci and Honorable Judge Lovric;

1. Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.1, Plaintiff Pro Se respectfully requests the Court to reconsider its 02/02/2024 Text Order denial of Plaintiff's letter motion Dkt. No. 50 to dismiss or strike Defendant's failure to meet the file deficiency deadline;

2. Additionally, Plaintiff Pro Se Glenn Federman respectfully requests the Court to reconsider its 02/02/2024 Text Order denial Plaintiff's letter motion to file a sur-reply Dkt. No. 45 to Defendant's Reply to Plaintiff's response based on new NYSDOT investigative evidence from FOIL appeal/subpoena that will soon be available , which also can reasonably be expected to alter the conclusion reached by the court and in the interest of justice;

3. Furthermore, Plaintiff also seeks a stay of the 02/02/2024 Text Order pending outcome and issuance of a new order.

4. Plaintiff stipulates he had not received Defendant Counsel's Certificate of Service dated 1/23/24 for service of Defendant Reply to Plaintiff's Response;

5. Plaintiff also stipulates that since the beginning of this litigation, Plaintiff never received a Certificate of Service from Defendant Town, Defendant School District or Defendant Counsel for Eric J. Soules 17495 Miller Rd Adams, NY 13605 Steven J. Overton 17621 Miller Rd Adams, NY 13605, Steven Eastman 7979 US Route 11 Adams, NY. 13605.

6. Plaintiff further stipulates that since the beginning of this litigation Defendant Counsel had only used a notarized Certificate of Mailing when mailing documents to Plaintiff.

7. Plaintiff Pro Se is the only litigant to use a Certificate of Service.

8. As a result, Plaintiff alleges the "Certificate of Service" stated in Dkt. No. 48 is a nonexistent/fictitious Certificate of Service and the Docket Entry is erroneous and biased in favor of Defendant;

9. Plaintiff disputes the Docket entry 48 that Defendant provided a timely proof of service via a "Certificate of Service";

10. Plaintiff alleges Defendant failed to meet the Filing Deficiency Deadline of 1/26/2024 and the erroneous Docket Entry was biased and deliberately done to cover up Defendant's untimely Deficient Filing of their Reply to Plaintiff's Response;

11. The erroneous Docket Entry of a nonexistent/fictitious Certificate of Service appears to be a deliberate attempt to bias and prejudice Plaintiff's case.

12. Accordingly, the following must occur:
    a. Plaintiff's allegations that the Certificate of Service Docket Entry is nonexistent and fictitious must remain on the table and as Pro Se be accepted as true until proven otherwise;
    b. An immediate commencement of an honest investigation by the Court into this matter must be commenced ASAP;
    c. 02/02/2024 Text Order must be stayed.
    d. Failure to address these issues properly may result in prejudice to Plaintiff and compromise the integrity of the proceedings.

13. As a result of the deliberate, biased erroneous Docket Entry, Plaintiff's entire case appears to have been unduly and deliberately prejudiced;

Legal Argument:

14. Based on the foregoing information results in specific controlling decisions and data that the court overlooked, it's clear that it can reasonably be expected to alter the conclusion reached by the court and in the interest of justice; See Schonberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y. 1990); Adams v. United States, 686 F.Supp. 417, 418 (S.D.N.Y.1988)

15. Plaintiff's motion for reconsideration aligns with established legal principles emphasizing the importance of procedural fairness and adherence to court rules. In Shrader v. CSX Transp., Inc., 70 F.3d 255 (2d Cir. 1995), the Second Circuit held that a motion for reconsideration may be granted upon a showing of an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.

16. Furthermore, in Hernandez v. Coughlin, 18 F.3d 133 (2d Cir. 1994), the Second Circuit underscored the necessity of ensuring proper compliance with procedural requirements to safeguard the integrity of the judicial process.

Newly Discovered Evidence:

17. Since the Court's denial of Plaintiff's motions, the uncovered additional evidence demonstrates the significance of Defendant's failure to meet the file deficiency deadline.

18. This evidence underscores the need for the Court to reconsider its decision and highlights the potential for prejudice to Plaintiff if the issue remains unaddressed.

Interest of Justice:

19. Allowing the denial of Plaintiff's motions to stand without proper consideration of the issues raised would result in prejudice to Plaintiff and undermine the integrity of the proceedings.

20. It is imperative that the Court ensures proper adherence to procedural rules before proceeding further in this case.

Conclusion:

21. Based on the foregoing, Plaintiff respectfully requests that the Court reconsider its denial of Plaintiff's motions and grant a stay pending resolution of this motion.

22. Failure to do so would perpetuate an injustice and compromise the integrity of the proceedings.

23. Plaintiff respectfully requests the Court to reverse their 02/02/2024 denial and GRANT Plaintiff's motion request for the Court to strike Defendant's deficient reply and move to GRANT Plaintiff's response sua sponte with prejudice pursuant to Fed.R.Civ.P. 12(f) or dismiss Defendants deficient reply to Plaintiff's response sua sponte with prejudice pursuant to Rule 60 (b)

24. Based on the foregoing and without full unbiased disclosure of what occurred with the erroneous docket entry, there exists a prima facie showing that the granting of Defendants Motion To Dismiss is unduly biased against Plaintiff such that Defendant's Motion should be denied.

Dated 2/11/24

Sincerely,

Glenn Federman Plaintiff Pro Se
17254 Miller Rd Adams, NY 13605
315 586-3382

Cc: *(via email and first class USPS mail to:)*
Michael Crowe, Chaim J. Jaffee, Charles C. Spagnoli, Fitzgerald Morris Baker Firth P.C.Michael Crowe, Esq. 68 Warren Street, P.O. Box 2017 Glens Falls, NY 12801; Chaim J. Jaffe, Scolaro Fetter Grizanti & McGough, P.C. 507 Plum Street, Suite 300 Syracuse, NY 13204; Charles C. Spagnoli, Esq. Ferrara Fiorenza PC 5010 Campuswood Drive East Syracuse, NY 13057
Cc: *(via U.S. District Court Northern District of New York portal upload to:)*
Honorable Judge Nardacci, Honorable Judge Lovric

| 01/19/2024 | 48 | REPLY to Response to Motion re 7 First MOTION to Dismiss for Failure to State a Claim filed by Steven Eastman, Steven J. Overton, Eric J. Soules. Motion returnable before Judge Nardacci filed by Steven Eastman, Steven J. Overton, Eric J. Soules. (Attachments: # 1 Exhibit(s) Exhibit "A", # 2 Exhibit(s) Exhibit "B", # 3 Affidavit Attorney Affidavit)(Mahr, Douglas) (Entered: 01/19/2024) |
|---|---|---|
| 01/23/2024 |  | TEXT NOTICE OF FILING DEFICIENCY as to Steven Eastman, Steven J. Overton, Eric J. Soules regarding the 48 Reply to Response to Motion, **NOTICE IS HEREBY GIVEN** of the following Filing Deficiency: Other Deficiency - The correction(s) should be made within 3 days of this notice. Defense counsel for Steven Eastman, Steven J. Overton, Eric J. Soules, did not submit a proof of service that they served Pro Se Plaintiff with the 48 REPLY to Response to Motion. Notice of Filing Deficiency Deadline 1/26/2024 (ztc) (Entered: 01/23/2024) |
| 01/23/2024 | 49 | CERTIFICATE of Service re 48 REPLY to Response to Motion re 7 First MOTION to Dismiss filed by Steven Eastman, Steven J. Overton, and Eric J. Soules. (Mahr, Douglas) Modified on 1/24/2024 to modify docket text (ztc). (Entered: 01/23/2024) |
| 01/24/2024 |  | CLERK'S CORRECTION OF DOCKET ENTRY re 49 CERTIFICATE of Service, Clerk modified the docket text of the entry to better reflect the filing. The entry is a Certificate of Service. (ztc) (Entered: 01/24/2024) |
| 01/30/2024 | 50 | Letter Motion filed by Glenn Federman requesting to strike or dismiss Defendant's 48 Reply submitted to Judge Anne M. Nardacci. {Filed via MFT on January 30, 2024} (ztc) (Entered: 01/30/2024) |
| 01/30/2024 | 51 | CERTIFICATE OF SERVICE by Glenn Federman re 50 Letter Motion for Glenn Federman requesting to strike or dismiss Defendant's 48 Reply submitted to Judge Anne M. Nardacci. {Filed via MFT on January 30, 2024} (ztc) (Entered: 01/30/2024) |

| | | |
|---|---|---|
| 02/02/2024 | 52 | TEXT ORDER: On January 17, 2024, Plaintiff filed a Letter Request seeking permission to file a Sur-Reply in further opposition to Defendants' motions to dismiss in this matter. Dkt. No. 45 . The request to file a Sur-Reply is DENIED. The motions to dismiss are deemed fully briefed and a decision will be issued in due course. On January 30, 2024, Plaintiff filed a 50 Letter Request seeking an order striking Defendant's Reply, Dkt. No. 48 , for failure to comply with the Court's Text Notice of Filing Deficiency issued on January 23, 2024. Upon review of the docket, the Court notes that the deficiency notice was issued to Defendant for failure to provide proof of service and that Defendant complied with such notice and filed proper proof of service on January 23, 2024. In light of Defendant's timely compliance, Plaintiff's request to strike Defendant's Reply is DENIED. SO ORDERED by U.S. District Judge Anne M. Nardacci on 2/2/2024. (Copy mailed to pro se plaintiff). (mab) (Entered: 02/02/2024) |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GLENN FEDERMAN,

                Plaintiff,

**PLAINTIFF MOTION REQUEST TO RECONSIDER TEXT ORDER DATED 02/02/2024 WHICH USED AN ERRONEOUS DOCKET ENTRY OF A NONEXISTENT /FICTITIOUS CERTIFICATE OF SERVICE TO DENY PLAINTIFF LETTER MOTION REQUEST FOR COURT TO STRIKE OR DISMISS DEFENDANTS DEFICIENT REPLY SUA SPONTE**
5:23-cv-1148 (AMD-TWD)
Federman v.Wasilewski et al, Index No 2021-2391

       -against-

TOWN OF LORRAINE;
Highway Superintendent Joseph Wasilewski
Town Attorney David Geurtsen Esq
SOUTH JEFFERSON CENTRAL SCHOOL DISTRICT

Board of Education, School Superintendent Scott Slater,
Transportation Administrator Ms. Rebecca Dalrymple
Eric J. Soules 17495 Miller Rd Adams, NY 13605
Steven J. Overton 17621 Miller Rd Adams, NY 13605
Steven Eastman 7979 US Route 11 Adams, NY 13605
                              Defendants.

## CERTIFICATE OF SERVICE

I, Glenn Federman, hereby certify that on February 11, 2024 - I uploaded Plaintiff's Motion Request -Captioned Above, to Honorable Judge Nardaccis and Honorable Judge Lovric along with a Certificate of Service, and on February 11, 2024 I physically mailed a copy of the same to the following recipients via USPS First Class: Michael Crowe, Chaim J. Jaffee, Charles C. Spagnoli, Fitzgerald Morris Baker Firth P.C.Michael Crowe, Esq. 68 Warren Street, P.O. Box 2017 Glens Falls, NY 12801; Chaim J. Jaffe, Scolaro Fetter Grizanti & McGough, P.C. 507 Plum Street, Suite 300 Syracuse, NY 13204; Charles C. Spagnoli, Esq. Ferrara Fiorenza PC 5010 Campuswood Drive East Syracuse, NY 13057

DATED: February 11, 2024

                                                             Yours etc;

                                                             Glenn Federman Pro Se
                                                             17254 Miller Rd
                                                             Adams, NY 13605
                                                             (315) 586-3382