**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GLENN FEDERMAN,

                Plaintiff,

  v.                                              5:23-cv-01148 (AMN/ML)

JOSEPH WASILEWSKI, DAVID GEURTSEN,
SOUTH JEFFERSON CENTRAL SCHOOL
DISTRICT, SOUTH JEFFERSON CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION,
SCOTT SLATER, REBECCA DALRYMPLE,
ERIC J. SOULES, STEVEN J. OVERTON,
STEVEN EASTMAN, and TOWN OF LORRAINE
                Defendants.

---

**APPEARANCES:**                            **OF COUNSEL:**

**GLENN FEDERMAN**
17254 Miller Road
Adams, New York 13605
Plaintiff, *pro se*

**FITZGERALD MORRIS BAKER FIRTH, P.C.**     **JOHN D. ASPLAND, ESQ.**
68 Warren Street                               **MICHAEL CROWE, ESQ.**
Glens Falls, New York 12801
*Attorneys for Defendants Joseph Wasilewski,*
*David Geurtsen, and Town of Lorraine*

**FERRARA FIORENZA P.C.**                   **CHARLES C. SPAGNOLI, ESQ.**
5010 Campuswood Drive
East Syracuse, New York 13057
*Attorneys for Defendants*
*South Jefferson Central School District, South*
*Jefferson Central School District Board of*
*Education, Scott Slater, and Rebecca Dalrymple*

**SCOLARO FETTER GRIZANTI**             **DOUGLAS J. MAHR, ESQ.**
**& MCGOUGH, P.C.**
507 Plum Street
Syracuse, New York 13204
*Attorneys for Defendants Eric J. Soules,*
*Steven J. Overton, and Steven Eastman*

**Hon. Anne M. Nardacci, United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Presently before the Court are motions to dismiss (collectively, "Motions") Plaintiff's amended complaint alleging a violation of 42 U.S.C. § 1983 ("Section 1983") and numerous violations of New York State law, Dkt. No. 1-4 ("Complaint"), pursuant to Rule 12 of the Federal Rules of Civil Procedure, by (i) Defendants South Jefferson Central School District, South Jefferson Central School District Board of Education, former school superintendent Scott Slater, and transportation administrator Rebecca Dalrymple (the "School District Defendants"), Dkt. No. 4; (ii) Defendants Eric J. Soules, Steven J. Overton, and Steven Eastman (the "Miller Road Defendants"), Dkt. No. 7; and (iii) Defendants Town of Lorraine, town highway superintendent Joseph Wasilewski, and town attorney David Geurtsen, Dkt. No. 13 (the "Town Defendants" and, collectively with the School District Defendants and Miller Road Defendants, "Defendants").

For the reasons below, this action is remanded to state court.

**II.     BACKGROUND**

The following facts are drawn from the Complaint unless otherwise noted and are assumed to be true for purposes of ruling on the Motions. *See Div. 1181 Amalg. Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*).

**A. The Parties**

Plaintiff is a resident of Miller Road, located in Adams, within New York State's Jefferson County. Dkt. No. 1-4 at ¶ 1. The Miller Road Defendants are also residents of Adams, New York. *Id.* at ¶¶ 5-7. The School District Defendants are entities and employees of a school district within Jefferson County. *Id.* at ¶¶ 3-4. The Town Defendants are a municipality and employees thereof within Jefferson County. *Id.* at ¶ 2.

### B. Plaintiff's Allegations

As relevant here, the Complaint alleges various harms arising from Defendants' actions and inactions relating to a disputed portion of a dead-end road (Miller Road) that transitions into Plaintiff's property—including, by way of example, that certain Defendants used a portion of the road as a school bus turnaround. *Id.* at ¶¶ 9-127. Based on Defendants' alleged conduct, Plaintiff asserts one violation of Section 1983, *see id.* at ¶¶ 159-164, and seven claims relating to New York State law, *see id.* at ¶¶ 128-158, 165-187.

### C. The Instant Action and Motion

On September 20, 2021, Plaintiff commenced this action in New York State Supreme Court, Jefferson County, with a complaint that sought $25,000 and did not identify a federal claim. Dkt. No. 1 at ¶ 1; Dkt. No. 1-1. All Defendants answered and discovery appears to have proceeded for a period of time. Dkt. No 1-2; Dkt. No. 1-3 at 4.[1] On February 1, 2023, Plaintiff filed an amended complaint, setting forth a Section 1983 claim, with the Supreme Court Clerk's Office. Dkt. No. 1-4 at 2. On March 15, 2023, "follow[ing] an initial rejection of the pleading by the defendants as it was not timely filed," Plaintiff moved the court for permission to amend the complaint. Dkt. No. 1-3 at 3; *see also* Dkt. No. 1-5 at 3.

By memorandum decision and order dated July 21, 2023, the court reviewed the allegations and claims in the amended complaint—including "[d]iscrimination in violation of 42 U.S.C. § 1983"—and granted Plaintiff leave to amend "on the amended pleading as proposed." Dkt. No. 1-3 at 3-4. The court further directed that Plaintiff serve the amended complaint on Defendants' counsel, who were "reminded of an obligation to serve a timely answer." *Id.* at 4.

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

On September 8, 2023, Defendants[2] removed the case to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. No. 1 at 1, ¶ 2. Defendants identified this Court's jurisdiction as original over the Section 1983 claim and supplemental over the various state law claims. *Id.* at ¶ 2; 28 U.S.C. §§ 1441 and 1367. The consenting Defendants asserted that removal was timely because it occurred within thirty days of Plaintiff's service of the complaint on August 17, 2023. Dkt. No. 1 at ¶¶ 1, 4.

Soon after, Defendants filed their Motions. Dkt. Nos. 4, 7, 13. Plaintiff sought and received several extensions of time before filing an omnibus opposition. Dkt. Nos. 22, 37, 38. Defendants subsequently submitted reply papers in further support. Dkt. Nos. 43, 46, 48. The Motions are now fully briefed.

### III.     STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this

---

[2] All Defendants except South Jefferson Central School District consented to removal. Dkt. No. 1 at 1. While South Jefferson Central School District had previously answered in the state court proceeding, *see* Dkt. No. 1-2 at 7, and is represented by the same counsel as the other School District Defendants, it neither consented nor objected to removal.

standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the . . . complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV. DISCUSSION

One of Plaintiff's arguments in opposition to the Motions is that Defendants' "removal was untimely."[3] Dkt. No. 38-1 at 7; *see also* Dkt. No. 21 at ¶ 2. Because this argument is jurisdictional, the Court address it first. *See, e.g., Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697,

---

[3] Plaintiff further asserts that the removal was part of an effort ""game the system" in order to avoid missing the time requirements needed to provide answer [sic] to the complaint." Dkt. No. 38 at ¶ 26. In light of the discussion that follows, the Court does not reach the question of whether Defendants' removal more than twenty days after service of the Complaint operated as a timely answer or otherwise excused such a requirement. *See, e.g.,* N.Y. C.P.L.R. §§ 320, 3012, 3025.

700-01 (2d Cir. 2000) ("It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. . . . failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed"); *see also Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) ("[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability") (quotation omitted).

The initial complaint in this matter was filed in state court in September 2021, more than three years ago. Dkt. No. 1-1. The general requirement to remove an *initial* pleading within thirty days is thus inapplicable. 28 U.S.C. Section 1446(b)(1). Instead, as the Second Circuit has recently stated:

> When, as here, a defendant seeks to remove a case more than thirty days after the initial pleading was filed, the defendant may do so if the case meets the two requirements of 28 U.S.C § 1446(b)(3) ["Section 1446(b)(3)"]. First, "the case stated by the initial pleading" must be "not removable." Second, a defendant must file the notice of removal within thirty days after receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable."

*Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) (citations omitted) (affirming remand due to untimely removal notice). As an initial matter, the Court finds that the initial complaint in this matter was not removable, as it contained no federal claim. Dkt. No. 1-1.

As to what event commenced the thirty-day clock for removal here, Section 1446(b)(3) states in pertinent part:

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The Miller Road Defendants respond to Plaintiff's timeliness argument by asserting that "this matter was timely removed within thirty days" of Plaintiff's service of the Complaint on August 17, 2023. Dkt. No. 48 at 11-12. The Court disagrees and finds Defendants' unsupported reduction of the significantly broader statutory language ("a copy of an amended pleading, motion, order or other paper") to focus only on service of the amended complaint unpersuasive. 28 U.S.C. § 1446(b)(3).

Accordingly, the Court finds that the thirty-day clock for purposes of Section 1446(b)(3) began to run, at the latest,[4] with the July 21, 2023 state court memorandum and decision order. This judicial decision constituted an "order" for purposes of Section 1446(b)(3) because it explicitly addressed Plaintiff's new federal claim and granted him permission to amend his initial complaint. Dkt. No. 1-3 at 3-4; *see also Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (*per curiam*) (explaining that the thirty-day clock under Section 1446(b) begins to run from when "the defendant received the first document from which all of the facts giving rise to removability were evident"); *Israel v. Volkswagen, A.G.*, Case No. 2:16-cv-12, 2016 WL 9334707, at *6 (D. Vt. Mar. 25, 2016) (observing that a "majority of courts having considered this issue [under Section 1446(b)(3)] hold that the thirty-day removal period does not begin until the state court grants leave to amend") (collecting cases); *see also Abbo-Bradley v. City of Niagara Falls*, 1:20-cv-00136-FPG-JJM, 2020 WL 8513484, at *14 (W.D.N.Y. Sept. 15, 2020) (similar)

---

[4] In their reply papers, neither the School District Defendants, *see* Dkt. No. 46, nor the Town Defendants, *see* Dkt. No. 43, addressed Plaintiff's timeliness argument. Earlier, however, the School District Defendants had argued that "[u]nder 28 U.S.C. § 1446(b)(3), the time for removal based on the existence of a federal question thus began to run from the filing of the Amended Complaint." Dkt. No. 17 at ¶ 4. Because that Complaint was filed with the Supreme Court Clerk's Office on February 1, 2023, however, *see* Dkt. No. 1-4 at 2, that argument does not render Defendants' September 8, 2023 removal notice timely. The Miller Road Defendants similarly acknowledge that "Plaintiff may have attempted to file and serve" the Complaint on February 1, 2023. Dkt. No. 48 at 11.

7

(collecting cases), *report and recommendation adopted in part*, 2021 WL 243701 (W.D.N.Y. Jan. 25, 2021) (granting motion to remand due to untimely removal notice), *aff'd* 73 F.4th 143 (2d Cir. 2023). Consequently, Defendants had thirty days from the July 21, 2023 order to remove the case pursuant to Section 1446(b)(3). Defendants' untimely removal on September 8, 2023 divests this Court of subject matter jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (observing that the "statutory procedures for removal are to be construed strictly").

Additionally, the Court finds that remand is also warranted because Defendants' removal notice is procedurally defective. Foremost, not all Defendants have consented to removal. *See* 28 U.S.C. Section 1446(b)(2). Defendant South Jefferson Central School District answered in the underlying action, *see* Dkt. No. 1-2 at 7, but did not consent to removal, *see* Dkt. No. 1 at 1. Thus, the "rule of unanimity" has not been satisfied, and removal fails. *See, e.g., Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (noting that district courts within the Second Circuit "have consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity") (quotations omitted); *Diallo v. Puerta*, No. 23-CV-9452 (PFC) (MMH), 2024 WL 640066, at *5 (E.D.N.Y. Feb. 15, 2024) (remanding case to state court after finding the removal notice "deficient because it fails to comply with the well-established 'rule of unanimity'") (collecting cases); *see also Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021) ("Where, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period, the defendant cannot cure that failure by providing late consent"). Further, Defendants did not include "a copy of all process, pleadings, and orders served" in the state court proceeding, as the removal notice contains—for example—no copies of any process. *Diallo*, 2024 WL 640066, at *4 (collecting cases).

Accordingly, the Court remands this action to the Supreme Court of the State of New York, Jefferson County, for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## V.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that this action is **REMANDED** to the Supreme Court of the State of New York, Jefferson County; and the Court further

**ORDERS** that Plaintiff's pending motions for reconsideration, Dkt. Nos. 53, 59, 60, are **DENIED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and to close the case.

**IT IS SO ORDERED.**

Dated: April 24, 2024
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge